PEOPLE v HARRINGTON

CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—COMPETENCY.
The circumstances of defendant's plea of guilty do not as a
matter of law preclude the possibility of a voluntary plea
despite her claim that she had an underlying psychosis, an
unusual fear of the courts, an alcohol problem, drug addiction,
and was pregnant where following an examination of a Center
for Forensic Psychiatry the defendant had been determined
competent to stand trial at a hearing prior to the plea and
there is no allegation that defendant was under the influence of
drugs or alcohol at the time of the plea.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 October 4, 1972, at Detroit. (Docket No. 12810.) Decided March 27, 1973.

Sharon A. Harrington was convicted, on her plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Maher,* for defendant on appeal.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Lesinski, C. J. The defendant was charged with larceny in a building in violation of MCLA 750.360; MSA 28.592. She pled guilty as charged before Judge Richard Maher on August 31, 1971. Defendant appeals as of right.

Defendant challenges the propriety of her guilty-plea proceedings before Judge Maher on grounds that her general physical and psychological condition precluded a normal guilty-plea proceeding. Defendant alleges generally that her plea was involuntary because at the time of the plea she had an underlying psychosis, an unusual fear of the courts, an alcohol problem, drug addiction, and was pregnant.

The claims of underlying psychosis, unusual fear, and pregnancy as vitiating the plea are answered by the fact that defendant had been determined competent to stand trial prior to the plea. A competency hearing was held by the trial court after an examination of the defendant at the Center for Forensic Psychiatry of the Department of Mental Health. There is no allegation that defendant was under the influence of alcohol or drugs at the time of the plea. The circumstances of this plea do not as a matter of law preclude the possibility of a voluntary plea.

The record reveals that defendant, on June 29, 1971, tendered a plea of guilty before Judge Horace Gilmore to the lesser and included offense of attempted larceny from a building. MCLA 750.92; MSA 28.287(3). The court took the plea under advisement, ordered a presentence report, and set the date for disposition as August 17, 1971. It appears that defendant failed to appear in court on August 17. As a result a capias for the arrest of defendant was issued. The matter was adjourned to August 31, 1971. At that time Judge Gilmore, during the morning session of court, rejected the proffered plea.

Judge Gilmore rejected the plea because the defendant indicated to the probation officer, who prepared the presentence report, that she in fact did not commit the crime charged or the crime to which she pled guilty. She claimed she advanced her guilt to protect her mother. Upon being advised by Judge Gilmore that he would not accept the plea of guilty under such conditions, the defendant again admitted in open court that she took the dress which was the subject of the larceny charge. Judge Gilmore added that the probation report indicated she stated to the probation officer that she only pled guilty because her lawyer advised her to do so.

Judge Gilmore refused the plea and ordered that defendant proceed to trial. Defendant thereupon sought to enter a plea of guilty to the principal charge. Judge Gilmore refused the plea of guilty, ordered a plea of not guilty entered, and set the matter for a pretrial conference on September 14 at 9 a.m.

For reasons wholly unexplained on the record, the matter did not go over for pretrial as set by Judge Gilmore. Rather, it was taken up by Judge Maher during the afternoon of August 31—the same day on which Judge Gilmore refused to take the plea of guilty.

Judge Maher carefully reviewed all of the matters that preceded defendant's appearance before him, including the probation report and the rejection of her plea of guilty by Judge Gilmore in the morning. The plea taking by Judge Maher was exemplary. We will not speculate on the need or reason for the defendant's pleading guilty to the original charge on the afternoon of August 31, 1971.

Affirmed.

All concurred.